Kathryn J. Halford (CA Bar No. 68141)
Email: khalford@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106571)
Email: erosenfeld@wkclegal.com
Armine C. Alajajian (CA Bar No. 313211)
Email: aalajajian@wkclegal.com
WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD
A Professional Corporation
16501 Ventura Boulevard, Suite 304
Encino, California 91436
Telephone: (818) 501-8030 Ext. 334
Facsimile: (818) 501-5306

Attorneys for Plaintiffs, Board of Directors
of the Motion Picture Industry Pension Plan, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

### (Western Division)

| | |
|---|---|
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN, BOARD OF DIRECTORS OF MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>LOOKOUT ENTERTAINMENT, INC., a California corporation,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR SPECIFIC PERFORMANCE AND VIOLATION OF ERISA<br><br>[29 U.S.C. §§1132, 1145 29 U.S.C. §185] |

Plaintiffs allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this Court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, and by section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a).

## VENUE

2. In accordance with section 502(e) of ERISA, 29 U.S.C. §1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3. Plaintiffs, the Boards of Directors of the Motion Picture Industry Pension Plan and of the Motion Picture Industry Individual Account Plan and the Motion Picture Industry Health Plan (herein "Plaintiffs") are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

4. The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are "Employee Pension Benefit Plans" as defined in section 3(2) of ERISA, 29 U.S.C. §1002(2). The Motion Picture Industry Health Plan ("Health Plan") is an "Employee Welfare Benefit Plan" as defined in section 3(1) of ERISA, 29 U.S.C. §1002(1). The Pension Plan, IA Plan, and Health Plan (collectively referred to herein as "the Plans") are "multiemployer plans" within the meaning of sections 3(37)(A) and 515 of ERISA, and 29 U.S.C. §1002(37)(A), and 29 U.S.C. §1145. Plaintiffs are fiduciaries with respect to the Plans within the meaning of section 21(A) of ERISA, 29 U.S.C.§1002(21)(A). The Plans were established pursuant to collective

bargaining agreements between various employers and employer associations performing work in the entertainment (motion picture and television) industry, an industry affecting commerce, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("IATSE"), an unincorporated labor organization. The Plans are administered in Studio City, within the County of Los Angeles.

5. Plaintiffs are informed and believe and thereon allege that Defendant Lookout Entertainment, Inc. ("Lookout") is a corporation organized and existing under and by virtue of the laws of the State of California whose principal place of business is in Hermosa Beach, within the County of Los Angeles.

6. This complaint is prosecuted pursuant to section 301(a) of the LMRA, 29 U.S.C. §185(a), and pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, to enforce the provisions of ERISA against an employer engaged in an industry affecting commerce.

## FIRST CLAIM FOR RELIEF

### (Specific Performance)

7. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 6, as if fully set forth herein.

8. Defendant Lookout executed a series of Consent Agreements thereby agreeing to be bound to the terms and conditions of a number of collective bargaining agreements requiring contribution to the Plans including: a) the 2010 and 2013 Commercial Production Agreements between the International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada, AFL-CIO ("IATSE") and the Association of Independent Commercial Producers, Inc. ("Commercial Production Agreement"); b) the Standard Teamster Agreements of 2005 and 2011 covering Drivers/Wranglers; and c) the Standard Teamster Agreements of 2005 and 2011 covering Location Managers/Scouts (hereinafter collectively referred to as "the

Agreements"). True and correct copies of the Consent Agreements are incorporated herein by this reference and attached hereto as Exhibit "1".

9. Defendant Lookout also executed Trust Acceptances wherein it agreed to be bound by all terms and conditions of the Agreements and Declarations of Trust Agreements establishing the Plans ("Trust Agreements") and to contribute to the Plans on behalf of each employee covered by the Agreements. True and correct copies of the Trust Acceptances are incorporated herein by this reference and attached hereto as Exhibit "2."

10. The Trust Agreements obligate Employers to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all covered employees by the last day of the week following the week in which work was performed. Contributions are delinquent if they are not received within five (5) days from the date such contributions become due.

11. The Trust Agreements at Article III of the Pension Plan, Article V of the Health Plan and Article III of the Individual Account Plan provide that "the Directors may, at reasonable times and during normal business hours of any Employer, audit or cause the audit inspection of the records of any Employer which may be pertinent in connection with the said contributions and/or reports insofar as same may be necessary to accomplish the purpose" of the Trust Agreements.

12. The Trust Agreements for each of the Plans further provide that if an Employer fails to make records available for an audit or inspection and the Plans file a lawsuit to compel the production of documents, the Employer will be liable for the Plans' enforcement expenses including "all reasonable accountants' fees, auditors' fees, attorneys' fees and costs incurred in connection therewith, in addition to any delinquent contributions, liquidated damages, interest, attorneys'

fees and costs, whether or not the audit or inspection identifies delinquent contributions."

13. The Plans have determined that the following records of Defendant Lookout must be made available for inspection, and are necessary for the Plans to determine whether all contributions have been properly reported and paid in accordance with the Agreements and Trust Agreements: specified payroll records, general ledger/cash disbursements, call sheets, and such other records as may be necessary in the opinion of the Plans' auditor, and any other records or information that the Plans require to examine for the audit period commencing August 7, 2011 through August 15, 2015.

14. In accordance with the provisions of the Trust Agreements and the exercise of their fiduciary duties required by federal statutory and common law, Plaintiffs demanded that Defendant Lookout submit the foregoing records for auditing in order to ascertain if Defendant Lookout has properly reported and paid contributions in accordance with the Agreement and the applicable Trust Agreements. Defendant Lookout has failed and refused to comply with the Plaintiffs' audit demands.

15. As a result of the breach of the Agreements and the Trust Agreements, Plaintiffs are unable to ascertain whether contributions have been properly reported and paid to the Plans for covered work, and Plaintiffs have no adequate remedy at law. The exact amount of damages incurred as a result of the breach has not been determined, but Plaintiffs will seek permission of the Court to amend when the amounts are ascertained through audit.

16. As a result of Defendant Lookout's failure to make records available for audit, it has been necessary for the Plans to retain the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld.

17. In accordance with the provisions of the Trust Agreements, Plaintiffs are entitled to an order requiring Defendant Lookout to produce the specified

records for audit by the Plaintiffs, together with reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and the Trust Agreements.

18. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Agreements and the Trust Agreements.

## SECOND CLAIM FOR RELIEF
### (Violation of ERISA)

19. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 18, as if fully set forth herein.

20. By failing to permit an audit of all requested records by the Plans in accordance with the provisions of the Agreements and the Trust Agreements, Defendant Lookout has violated ERISA §515, 29 U.S.C. §1145.

21. Without access to the compensation records, Plaintiffs are unable to determine whether Defendant Lookout has accurately reported, and/or the amount of the delinquency since reporting is based solely on an Employer's statement and the Plaintiffs have no quick, economical, or efficient way to determine if the reported contributions are correct. Without access to Defendant Lookout's records, Plaintiffs will be unable to determine whether benefits have been properly paid which may subject Plaintiffs and/or Plans to penalties, suits and damages for the failure to perform their duties, the gross sum of which is incalculable, speculative, and leading to irreparable damage.

22. In accordance with the terms of the Trust Agreements and pursuant to ERISA §§502(g)(2)(E) and 515, 29 U.S.C. §§1132(g)(2)(E) and 1145, and ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiffs are entitled to and hereby demand as appropriate equitable relief that the Court issue an order requiring Defendant Lookout to make records of Defendant Lookout available for audit by the Plans for the period of August 7, 2011 through August 15, 2015.

23. Plaintiffs are informed and believe and upon that basis allege that contributions have not been accurately reported and paid to the Plans and that the audit of the records of Defendant Lookout will disclose the correct amount of contributions.

24. Plaintiffs are further informed and believe and upon that basis allege that Defendant Lookout have breached the Agreements and Trust Agreements and thereby violated ERISA § 515, 29 U.S.C. §1145 by failing to accurately report and pay contributions. Upon ascertainment of the amount of contributions as disclosed by the audit, Plaintiffs will seek leave to amend the complaint to assert the claims for unpaid or erroneous contributions, and in accordance with ERISA §502(g)(2), 29 U.S.C. § 1132(g)(2), will seek an award of all unpaid contributions, and liquidated damages, interest, audit costs, court costs and reasonable attorneys' fees in accordance with the provisions of the Agreements and Trust Agreements.

WHEREFORE, Plaintiffs pray for judgment against Defendant Lookout Entertainment, Inc., a California corporation, as follows:

## ON ALL CLAIMS FOR RELIEF:

1. For an Order compelling audit whereby Defendant Lookout shall be directed by the Court within a specified time after entry to:

    A. Make available Defendant Lookout's specified payroll records, general ledger/cash disbursements, call sheets, and such other records as may be necessary in the opinion of the Plans' auditor, and any other records or information that the Plans require to examine for the audit period commencing August 7, 2011 through August 15, 2015.

    B. Afford to the Plans both ample time and opportunity to examine all of Defendant Lookout's materials specified above, without harassment, at such time and at such place as shall be convenient to the authorized representative of the Plans.


2. That in the event Defendant Lookout cannot produce all of the records which the Plans are required to examine, the Court enter an Order Compelling Record Reconstruction where Defendant Lookout shall be directed by the Court within a specified time after the entry thereof, to:

  A. Apply to the Federal and State agencies with which Defendant Lookout previously filed periodic reports pertaining to employees for copies of Defendant Lookout's reports to them for all of the periods for which Defendant Lookout cannot produce records; and

  B. Subsequently make available to the Plans all such copies of Defendant Lookout's periodic reports to the Federal and State agencies under the conditions set forth in 1(B) above:

3. For payment of all unpaid contributions disclosed by audit and for liquidated damages and interest assessed on all unpaid contributions in accordance with the Trust Agreements and ERISA for the period of August 7, 2011 through August 15, 2015.

4. For auditors' fees;

5. For reasonable attorneys' fees incurred in prosecuting this action;

6. For costs of suit; and

7. For such other relief as the court deems appropriate, and for such other legal or equitable relief required by Section 502(g)(2)(E) ERISA, 29 U.S.C. §1132(g)(2)(E).

DATED: May 19, 2017

Kathryn J. Halford, Esq.
Elizabeth Rosenfeld, Esq.
Armine C. Alajajian, Esq.
WOHLNER KAPLON CUTLER HALFORD & ROSENFELD

By: *Armine Alajajian*
Armine C. Alajajian
Attorneys for Plaintiffs Boards of Directors of the Motion Picture Industry Pension Plan, the Motion Picture Industry Individual Account Plan, and the Motion Picture Industry Health Plan